## Redwine v. Jobe et al.

June 18, 1943.

E. B. Rose and S. S. Willis for appellant.

W. L. Kash for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellant, an attorney of Winchester, Clark County, Kentucky, was employed by the appellee, Isabelle Jobe, to assist in the prosecution of a law suit pending in Lee County. The outcome was favorable to Mrs. Jobe, and, pursuant to an order entered therein on November 12, 1941, the Commissioner of the Lee Circuit Court paid to appellant, as attorney for Mrs. Jobe, $1,202.19, the amount of her judgment debt. When appellant attempted to settle with his client, a dispute arose over the fee, appellant insisting that he was entitled to $300, and Mrs. Jobe, that he was entitled to only $75.

On May 28, 1942, an order was entered in the action directing appellant to return the money to the Commissioner not later than June 3, 1942. The order recites that it was entered pursuant to "a notice of a motion for a rule," and that the Court was "advised from the evidence" before sustaining the motion, but neither the notice (unless it was the one hereinafter referred to) nor the motion appears in the record, and in a memorandum the clerk states that if such a motion was filed, it "is misplaced and cannot now be located." Next in the record appears the testimony of Mrs. Jobe and her witnesses "taken pursuant to notice hereto attached in the court house at Irvine, Kentucky, on Monday, May 4, 1942," but the only notice annexed to the deposition is a notice that on April 17, 1942, Mrs. Jobe would move the Court for a rule against appellant to require him to deliver to her the money referred to. Appellant was not present or represented by counsel when the testimony was given. Next in the record before us is an undated order reciting that appellant filed "his two affidavits and supporting statements and letters by attorneys," all of which were copied in full. Then follows an order entered August 10, 1942, reciting:

"This cause came on to be heard on the motion of Isabelle Jobe of Lexington, Kentucky, to require her attorney, Marcus C. Redwine, of Winchester, Kentucky, to turn over to her the money collected by said attorney from the Master Commissioner of the Lee Circuit Court, amounting to the sum of Twelve Hundred and Two Dollars ($1,202.19) and nineteen cents, and the Court after considering the motion and testimony offered with reference thereto, finds

that from the uncontradicted testimony offered on said motion that said attorney, Marcus C. Redwine, agreed with Mrs. Isabelle Jobe, in the presence of her mother and sister to perform the services he did perform for her in this case for the sum of Seventy-Five Dollars, provided it was not necessary for him to be away from his office for more than one day in the discharge of his duties therein, and the Court further finds from the evidence that it was not necessary for said attorney to be away from his office for more than one day in the discharge of his said duties, and that any other trip or trips that he made in connection with the collection of said money was done at his own solicitation, and without the procurement of his client, and that therefore he is not entitled to any greater amount than the agreed fee of $75.00.''

The concluding paragraph of the order recites that appellant had returned the money to the Commissioner, who was accordingly directed to pay appellant $75, and the balance, after the deduction of costs, to Mrs. Jobe. Later, appellant moved the Court to set aside its order of August 10th, but without avail.

It is obvious from the wording of the order of August 10th that the Court, in allowing appellant a fee of $75, considered only the testimony of Mrs. Jobe and her witnesses given on May 4th; it does not appear from the record that appellant was notified that the testimony would be taken; and it is affirmatively shown by the official stenographer's certificate, and also by the recitals of the bill of exceptions, that appellant was neither present nor represented by counsel.

Since appellant complied with the rule against him, it is unnecessary for us to pass upon the propriety of the Court's action in issuing it. Nor shall we attempt to determine whether appellant entered into a contract with his client which precludes him from recovering more than $75 for his services, irrespective of their value. We are of the opinion, however, that he is entitled to an opportunity to cross examine Mrs. Jobe and her witnesses, and to introduce evidence as to the value of his services, and in support of his denial of the existence of such a contract. If the Court finds that appellant's fee is not limited by contract, it should allow him a reasonable amount

for his services, determined in accordance with the principles announced in Axton v. Vance, 207 Ky. 580, 269 S. W. 534.

The motion for an appeal is sustained, and the judgment reversed.